972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
George W. HALL, Appellant,
v.
STATE of Iowa, Appellee,
 No. 91-3058.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 14, 1992.
Filed: July 10, 1992.
 
 Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE[2], Senior District Judge.
 PER CURIAM.
 
 
 1
 The appellant was convicted of first degree murder and sentenced to life imprisonment without parole. He appealed his conviction to the Iowa Supreme Court. The conviction was affirmed on November 12, 1986, State v. Hall 395 N.W.2nd, 640 (Iowa 1986). Appellant raised only the issue of pre-accusatorial delay in the Iowa Supreme Court. (the murder for which he was convicted was committed in 1977, whereas the murder charge was not filed until October 29, 1984.) The issue of ineffective assistance of trial counsel was not raised. On November 14, 1986, appellant Hall applied for post-conviction relief in the Iowa trial court asserting a claim of ineffective assistance of counsel and a violation of his right to a speedy trial under an Iowa procedural rule.
 
 
 2
 The state-law speedy trial issue was based on an Iowa Rule of Criminal procedure which in 1984 extended the time permitted between indictment and trial from 60 to 90 days. The trial court and trial counsel erroneously assumed that the then new 90 day period applied instead of the 60 day rule which had been in effect when the crime was committed.
 
 
 3
 On November 1, 1988, the Iowa trial court denied appellant's application for post-conviction relief. Appellant appealed this ruling to the Iowa Court of Appeals which affirmed the lower court's ruling in an opinion issued September 20, 1990, Hall, No. 88-762 (Iowa Ct. App.1990).[3]
 
 
 4
 On January 1, 1991, appellant filed this habeas petition alleging a violation of his speedy trial rights under the state rule. On April 2, 1991, he moved to amend his petition to include the grounds of ineffective assistance of both trial counsel and appellate counsel. This motion was granted on May 24, 1991, by Chief U.S. Magistrate Judge R. Longstaff. The State of Iowa then responded to the appellant's petition for writ of habeas corpus, contending that the claimed violation of the Iowa speedy trial statute did not constitute a federal question; that there was good cause for permitting the state trial to proceed; and that the petitioner did not receive ineffective assistance of counsel at either the trial or the appellate level. Magistrate Judge Longstaff filed his report and recommendation on July 2, 1991. He noted that the petition did not properly raise in the state Courts the State speedy trial rule issues. He concluded, therefore, that absent a showing of adequate cause and actual prejudice the petitioner would be barred from raising those issues in his habeas petition. The Magistrate Judge therefore proceeded to analyze the petitioner's ineffective assistance of counsel claims and concluded that both such claims were without merit and that, therefore, the petitioner's speedy trial claims were procedurally barred. As a consequence he recommended that the application for writ of habeas corpus be denied.
 
 
 5
 On July 22, 1991, appellant filed his objections to report and recommendation of the Chief U.S. Magistrate Judge Ronald Longstaff.
 
 
 6
 On July 30, 1991, the Hon. Harold Vietor, Chief Judge for the Southern District of Iowa made a de novo review of those portions of the Magistrate Judge's report and recommendation to which objections had been made and, after doing so, accepted the report and recommendation of the magistrate judge. This appeal followed.
 
 
 7
 We affirm.
 
 
 8
 We are bound by the Iowa Courts' interpretation of the Iowa Speedy Trial Rule. No speedy trial issue under the United States Constitution is raised. We affirm the lower court's denial of relief for the alleged ineffectiveness of appellant's trial and appellate counsel on the basis of the well-reasoned opinion of the Magistrate Judge as adopted by Chief Judge Vietor.
 
 
 9
 AFFIRMED.
 
 
 
 [2]
 The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [3]
 The Iowa Court of Appeals held inter alia, that, under state law, there was good cause for, and acquiescence in, the trial delay. Furthermore, as stated in the Magistrate Judge's decision herein, had the charge been dismissed under the 1977 60-day statute, the prosecution could have refiled same and thereafter adhered to the 60 day requirement. So the Magistrate Judge concluded that "no prejudice resulted which in any way implicates a lack of confidence in the outcome of the trial."